EFILED IN OFFICE
CLERK OF STATE COURT
COFFEE COUNTY, GEORGIA

**STC2017000035**

MAY 12, 2017 11:23 AM

*Angela Spell-Hutto, Clerk*
*Coffee County, Georgia*

IN THE STATE COURT OF COFFEE COUNTY
STATE OF GEORGIA

CEDRIC JONES, as the surviving spouse of
BRANDI NICOLE GRIFFIN JONES,

     Plaintiff,

v.

WALLACE STEVE ANDERSON, D.O., in
his individual and professional capacity,
TAMMY NICHOLE BASS, LPN, in her
individual and professional capacity,
SOUTH GEORGIA CORRECTIONAL
MEDICINE, LLC, DR. STEVE
ANDERSON BEHAVIORAL MEDICINE,
LLC, DR. STEVE ANDERSON, P.C.,
SHANTAVIA JACKSON, in her individual
capacity, LINDA HOLLAND, in her
individual capacity, ASHLEY
RICKETSON, in her individual capacity,
JOHN COURSON, in his individual
capacity, BRENT HATCHER, in his
individual capacity, KALEB SMITH, in his
individual capacity, MIGUEL LOPEZ, in
his individual capacity, CHARLES LEWIS
SMITH, II, in his individual capacity, KIM
PHILLIPS, in his individual capacity,
DOYLE WOOTEN, in his individual and
professional capacity, and THE COFFEE
COUNTY SHERIFF'S OFFICE,

    Defendants.

CIVIL ACTION NO.

## COMPLAINT FOR DAMAGES

    COMES NOW, Plaintiff and files this Complaint for Damages, respectfully showing this

Honorable Court the following:

## PARTIES, VENUE AND JURISDICTION

1.

Cedric Jones is a resident of the State of Georgia. Pursuant to O.C.G.A. § 51-4-2, Cedric Jones is entitled to bring this action as the surviving spouse of Brandi Nicole Griffin Jones.

2.

South Georgia Correctional Medicine, LLC is a domestic limited liability company, and is deemed to reside in Coffee County because it maintains its principal office there.  Pursuant to O.C.G.A. § 14-2-510(b)(3) and the allegations herein South Georgia Correctional Medicine, LLC is subject to the venue and jurisdiction of this Court. The principal place of business for Defendant South Georgia Correctional Medicine, LLC is 1311 Ocilla Road, Douglas, Georgia 31533.

3.

Dr. Steve Anderson Behavioral Medicine, LLC is a domestic limited liability, and is deemed to reside in Coffee County because it maintains its principal office there.  Pursuant to O.C.G.A. § 14-2-510(b)(3) and the allegations herein South Georgia Correctional Medicine, LLC is subject to the venue and jurisdiction of this Court. The principal place of business for Defendant Dr. Steve Anderson Behavioral Medicine, LLC is 1311 Ocilla Road, Douglas, Georgia 31533.

4.

Dr. Steve Anderson, P.C. is a domestic limited liability, and is deemed to reside in Coffee County because it maintains its principal office there. Pursuant to O.C.G.A. § 14-2-510(b)(3) and the allegations herein Dr. Steve Anderson, P.C. is subject to the venue and jurisdiction of this Court. The principal place of business for Defendant Dr. Steve Anderson, P.C. is 1311 Ocilla Road, Douglas, Georgia 31533.

5.

Wallace Steve Anderson, D.O. is a resident of Coffee County and a citizen of the State of Georgia. Dr. Anderson is a medical doctor licensed in the State of Georgia. Pursuant to the allegations herein, Dr. Anderson is subject to the venue and jurisdiction of this Court.

6.

Tammy Nichole Bass, LPN is a resident of Coffee County and a citizen of the State of Georgia. Tammy Nichole Bass is a nurse licensed in the State of Georgia. Pursuant to the allegations herein, Tammy Nichole Bass is subject to the venue and jurisdiction of this Court.

7.

Shantavia Jackson is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Shantavia Jackson was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Shantavia Jackson is subject to the venue and jurisdiction of this Court.

8.

Linda Holland is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Linda Holland was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Linda Holland is subject to the venue and jurisdiction of this Court.

9.

Ashley Ricketson is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Ashley Ricketson was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Ashley Ricketson is subject to the venue and jurisdiction of this Court.

10.

John Courson is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, John Courson was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, John Courson is subject to the venue and jurisdiction of this Court.

11.

Brent Hatcher is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Brent Hatcher was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Brent Hatcher is subject to the venue and jurisdiction of this Court.

12.

Kaleb Smith is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Kaleb Smith was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Kaleb Smith is subject to the venue and jurisdiction of this Court.

13.

Miguel Lopez is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Miguel Lopez was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Miguel Lopez is subject to the venue and jurisdiction of this Court.

14.

Charles Lewis Smith, II, is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Charles Lewis Smith, II was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Charles Lewis Smith, II is subject to the venue and jurisdiction of this Court.

15.

Kim Phillips is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Kim Phillips was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Kim Phillips is subject to the venue and jurisdiction of this Court.

16.

Doyle Wooten is a resident of Coffee County and a citizen of the State of Georgia. At all times relevant to this Complaint, Doyle Wooten was an employee and/or agent of the Coffee County Sheriff's Office and Coffee County, Georgia. Pursuant to the allegations herein, Doyle Wooten is subject to the venue and jurisdiction of this Court.

17.

The Coffee County Sheriff's Office is a division of the County Government in Coffee County, Georgia. Pursuant to the allegations herein, the Coffee County Sheriff's Office is subject to the venue and jurisdiction of this Court.

18.

By virtue of the facts alleged herein, Defendants acted as a joint venture, are joint tortfeasors, and have injured and damaged Plaintiff and are individually, jointly and severally liable for their indivisible injuries and damages.

19.

The affidavit of Harvey Jones, M.D. is attached hereto as "Exhibit A" and filed contemporaneously with this Complaint for Damages in full compliance with O.C.G.A. § 9-11-9.1. Said affidavit sets forth at least one negligent act or omission related to the care and treatment of Brandi Nicole Griffin Jones by Tammy Nichole Bass, LPN, and Wallace Steve Anderson, D.O.

## FACTUAL ALLEGATIONS

20.

On July 8, 2015, at 1845 hours, Brandi Nicole Griffin Jones was booked into the Coffee County Jail for housing for Atkinson County by Defendant Charles Lewis Smith, II.

21.

At all times relevant to this Complaint, the Coffee County Jail was owned and/or operated by the Defendant Coffee County Sheriff's Office and/or the Defendant Coffee County, Georgia.

22.

At all times relevant to this Complaint, South Georgia Correctional Medicine, LLC, Dr. Steve Anderson Behavioral Medicine, LLC, and/or Dr. Steve Anderson, P.C. provided medical services for the Coffee County Jail.

23.

At 2250 hours, Brandi Nicole Griffin Jones was seen by Defendant Tammy Nichole Bass, LPN for a medical screening. The results of this screening were documented in the "Medical Staff Receiving Screening Form".

24.

At all times relevant to this Complaint, Defendant Tammy Nichole Bass, LPN was an employee and/or agent of South Georgia Correctional Medicine, LLC, Dr. Steve Anderson Behavioral Medicine, LLC, and/or Dr. Steve Anderson, P.C.

7

25.

The "Medical Staff Screening Form" notated that Brandi Nicole Griffin Jones was a patient of "Dr. Kahn" for a bipolar condition, borderline personality disorder, and manic depression.

26.

The "Medical Staff Screening Form" notated that Brandi Nicole Griffin Jones was currently prescribed prescription medication by a physician. However, there is no notation as to what medication was prescribed and by whom.

27.

From March 2015 through July 2015, including during the time of her incarceration, Brandi Nicole Griffin Jones maintained active prescriptions for Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, and Quetiapine Furnarate. These prescriptions were provided by Dr. Mubbashir Muzza Khan in Douglas, Georgia.

28.

The "Medical Staff Screening Form" notated that Brandi Nicole Griffin Jones used the "drug" Subutex. However, there is no notation as to dosage amounts, frequency, or the prescribing physician.

29.

Contemporaneously with the aforementioned medical screening, Brandi Nicole Griffin

Jones signed a "Patient's Consent for Treatment" form. This form provided the following:

> The undersigned, being in the custody of the County Sheriff's Department and
> being under the control of the County Jail, hereby authorizes and requests that all
> medical records and/or information, wherever located, including any hospital or
> medical doctor or any other place where medical records may be located, be
> released to the County Jail medical department for use by the medical department
> regarding any treatment to be reviewed while in custody. I understand I will
> provide this information to the medical department.
> I further authorize the County Jail medical department to evaluate and treat any
> condition that I may have or develop while in the custody of the County Sheriff's
> Department and County Jail. I acknowledge no guarantee or assurance has been
> made as to the desired result that may be obtained.

30.

Between July 8, 2015 and July 11, 2015 Brandi Nicole Griffin Jones medical records and

pharmacy records were not requested.

31.

At 2349 hours, on July 8, 2015, a document entitled "Medical Questionnaire" was created

in regards to Brandi Nicole Griffin Jones. There are no notations in this document as to

prescription medication usage, dosage amounts, frequency, or the prescribing physician.

32.

Between July 8, 2015 and July 11, 2015, Brandi Nicole Griffin Jones remained in the

custody of the Coffee County Jail.

33.

Between July 8, 2015 and July 11, 2015, Brandi Nicole Griffin Jones remained under the care and custody of Tammy Nichole Bass, LPN, Wallace Steve Anderson, D.O., South Georgia Correctional Medicine, LLC, Dr. Steve Anderson Behavioral Medicine, LLC, and/or Dr. Steve Anderson, P.C.

34.

Between July 8, 2015 and July 11, 2015, Brandi Nicole Griffin Jones was not administered Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, or Quetiapine Furnarate.

35.

The aforementioned failure to administer prescription medication to Brandi Nicole Griffin Jones was documented by Defendant Kaleb Smith through instant messenger. *See* "Exhibit B", incorporated herein by reference.

36.

Between July 8, 2015 and July 11, 2015, Brandi Nicole Griffin Jones exhibited manifestations of withdrawal from her prescription medications. These manifestations include, but are not limited to, prolonged sleeping, anxiety, confusion, loss of appetite, sweating, sensitivity to noise and light, headaches, and depression.

37.

Between July 8, 2015 and July 11, 2015, Brandi Nicole Griffin Jones was not evaluated or administered medical care for her aforementioned symptoms.

38.

In the early hours of July 11, 2015, Brandi Nicole Griffin Jones went into  seizure-like activity in her cell and lost consciousness.

39.

The activity described in the foregoing paragraph was witnessed by inmate Josie Lee Travis. A voluntary statement provided by Josie Lee Travis to the Defendants John Courson and Brent Hatcher stated the following:

> I Josie Travis was talking to the lady before I went to sleep she said she was coming off of Subutex and Xanax. And she has been asleep for 2 days and has not eat anything. She started to go in to convulsions (sic) and breathing hard hit the wall and could not move. And I pushed the button and someone come to help.

40.

After the activity described in the foregoing paragraph occurred, Brandi Nicole Griffin Jones was transported to the Coffee Regional Medical Center.

41.

On July 15, 2015, Brandi Nicole Griffin Jones was pronounced dead.

42.

On July 17, 2015, an autopsy was performed on Brandi Nicole Griffin by Maryanne Gaffney-Kraft at the Georgia Bureau of Investigation (GBI). The final autopsy report notated the following:

> Toxicological analysis of hospital blood for ethyl alcohol is negative. Analysis of hospital blood for drug screen testing is negative for barbiturates, certain benzodiazepines, cocaine/cocaine metabolites and common opioids. Analysis of hospital blood for drug confirmation testing is negative for certain basic drugs (such as methadone and zolpidem) and certain amphetamines (such as amphetamine)

43.

In addition, the final autopsy report stated the following:

> Given the autopsy, toxicology, medical records review and investigative findings, it is my opinion that the cause of death in this case is best diagnosed as undetermined. Given the investigative findings of the decedent telling her cellmate that she (the decedent) was 'coming off' of Xanax and Subutex, the cellmates statement that the decedent was sleeping and not eating for the past two days, and the cellmates witnessing of the decedent's seizure-type activity, the hospital clinical diagnosis of anoxic encephalopathy, the negative hospital admission blood toxicology, and the lack of cause of death-specific autopsy findings, the decedent's cause of death is most likely due to drug withdrawal syndrome with seizure resulting from the decedent's sudden stoppage of Xanax and Subutex. Since drug withdrawal syndrome with seizure cannot be proven at autopsy, the decedent's manner of death is best classified as undetermined.

## CAUSES OF ACTION

I.   **CLAIMS AGAINST THE DEFENDANT TAMMY NICHOLE BASS, LPN, IN HER PROFESSIONAL CAPACITY**

44.

The allegations contained in paragraph 1 through 43 are incorporated herein.

45.

The Defendant Tammy Nichole Bass, LPN breach the standard of care owed to Brandi Nicole Griffin Jones in, at least, the following particulars:

(a)     failing to provide adequate nursing assessment and evaluation of Brandi Nicole Griffin Jones;

(b)     failing to develop and follow an individualized plan of care, including the administration of prescription medication, that was appropriate to meet Brandi Nicole Griffin Jones' needs;

(c)     failing to obtain an adequate medical history, including current prescription medication, for Brandi Nicole Griffin Jones;

(d)     failing to obtain the medical and pharmacy records for Brandi Nicole Griffin Jones;

(e)     failing to review the medical and pharmacy records for Brandi Nicole Griffin Jones;

(f)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to Wallace Steve Anderson, D.O.;

(g)       failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to the Coffee County Sheriff's Office;

(h)       failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medical requirements to the medical department and personnel at the Coffee County Jail;

(i)       failing to administer Brandi Nicole Griffin Jones prescription medication; and

(j)       engaging in false charting and forgery in an attempt to cover up the aforementioned acts and omissions.

46.

The foregoing deviations from the standard of care proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

47.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Tammy Nicole Bass, LPN under theories of ordinary negligence, professional negligence, and for all other theories of liability.

48.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, is entitled to recover from Defendant Tammy Nicole Bass, LPN for the wrongful death of his wife.

## II. CLAIMS AGAINST TAMMY NICHOLE BASS, LPN, IN HER INDIVIDUAL CAPACITY

49.

The allegations contained in paragraph 1 through 48 are incorporated herein.

50.

The Defendant Tammy Nichole Bass, LPN breach the standard of care owed to Brandi Nicole Griffin Jones in, at least, the following particulars:

(k)     failing to provide adequate nursing assessment and evaluation of Brandi Nicole Griffin Jones;

(l)     failing to develop and follow an individualized plan of care, including the administration of prescription medication, that was appropriate to meet Brandi Nicole Griffin Jones' needs;

(m)     failing to obtain an adequate medical history, including current prescription medication, for Brandi Nicole Griffin Jones;

(n)     failing to obtain the medical and pharmacy records for Brandi Nicole Griffin Jones;

(o)     failing to review the medical and pharmacy records for Brandi Nicole Griffin Jones;

(p)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to Wallace Steve Anderson, D.O.;

(q)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to the Coffee County Sheriff's Office;

(r)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medical requirements to the medical department and personnel at the Coffee County Jail;

(s)     failing to administer Brandi Nicole Griffin Jones prescription medication; and

(t)     engaging in false charting and forgery in an attempt to cover up the aforementioned acts and omissions.

51.

The foregoing deviations from the standard of care constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

52.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

53.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Tammy Nichole Bass, LPN for violation of 42 USC §1983, and is entitled to recover from the Defendant for the wrongful death of his wife.

## III. CLAIMS AGAINST DEFENDANT WALLACE STEVE ANDERSON, D.O., IN HIS PROFESSIONAL CAPACITY

54.

The allegations contained in paragraph 1 through 53 are incorporated herein.

55.

The Defendant Wallace Steve Anderson, D.O. breach the standard of care owed to Brandi Nicole Griffin Jones in, at least, the following particulars:

(u)     failing to provide adequate medical assessment and evaluation of Brandi Nicole Griffin Jones;

(v)     failing to supervise and monitor medical evaluations and assessments performed by his nurses and staff;

(w)     failing to supervise and monitor the medical care provided by his nurses and staff;

(x)     failing to develop and follow an individualized plan of care, including the administration of prescription medication, that was appropriate to meet Brandi Nicole Griffin Jones' needs;

(y)     failing to obtain an adequate medical history, including current prescription medication, for Brandi Nicole Griffin Jones;

(z)     failing to obtain the medical and pharmacy records for Brandi Nicole Griffin Jones;

(aa)    failing to review the medical and pharmacy records for Brandi Nicole Griffin Jones;

(bb)    failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to his nurses and staff;

17

(cc)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to the Coffee County Sheriff's Office;

(dd)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medical requirements to the medical department and personnel at the Coffee County Jail;

(ee)     failing to administer Brandi Nicole Griffin Jones prescription medication; and

(ff)     engaging in false charting and forgery in an attempt to cover up the aforementioned acts and omissions.

56.

The foregoing deviations from the standard of care proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

57.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Wallace Steve Anderson, D.O. under theories of ordinary negligence, professional negligence, and for all other theories of liability.

58.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, is entitled to recover from Defendant Wallace Steve Anderson, D.O. for the wrongful death of his wife.

## IV. CLAIMS AGAINST WALLACE STEVE ANDERSON, D.O., IN HIS INDIVIDUAL CAPACITY

59.

The allegations contained in paragraph 1 through 58 are incorporated herein.

60.

The Defendant Wallace Steve Anderson, D.O. breach the standard of care owed to Brandi Nicole Griffin Jones in, at least, the following particulars:

(a)     failing to provide adequate medical assessment and evaluation of Brandi Nicole Griffin Jones;

(b)     failing to supervise and monitor medical evaluations and assessments performed by his nurses and staff;

(c)     failing to supervise and monitor the medical care provided by his nurses and staff;

(d)     failing to develop and follow an individualized plan of care, including the administration of prescription medication, that was appropriate to meet Brandi Nicole Griffin Jones' needs;

(e)     failing to obtain an adequate medical history, including current prescription medication, for Brandi Nicole Griffin Jones;

(f)     failing to obtain the medical and pharmacy records for Brandi Nicole Griffin Jones;

(g)     failing to review the medical and pharmacy records for Brandi Nicole Griffin Jones;

(h)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to his nurses and staff;

(i)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medication requirements to the Coffee County Sheriff's Office;

(j)     failing to adequately communicate Brandi Nicole Griffin Jones' medical condition and prescription medical requirements to the medical department and personnel at the Coffee County Jail;

(k)     failing to administer Brandi Nicole Griffin Jones prescription medication; and

(l)     engaging in false charting and forgery in an attempt to cover up the aforementioned acts and omissions.

61.

The foregoing deviations from the standard of care constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

62.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

63.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Wallace Steve Anderson, D.O. for violation of 42 USC §1983, and is entitled to recover from the Defendant for the wrongful death of his wife.

## V.   NEGLIGENCE AND RESPONDEAT SUPERIOR CLAIMS AGAINST SOUTH GEORGIA CORRECTIONAL MEDICINE, LLC

64.

The allegations contained in paragraph 1 through 63 are incorporated herein.

65.

As alleged herein, Defendant South Georgia Correctional Medicine, LLC's (including its related entities and subsidiaries) employees and agents were negligent.

66.

Under the doctrine of respondeat superior, Defendant South Georgia Correctional Medicine, LLC (including its related entities and subsidiaries) is responsible for the acts and omissions of its employee and agents.

67.

In addition to ¶66, the Defendant South Georgia Correctional Medicine, LLC was negligent in hiring and retaining Defendant Wallace Steve Anderson, D.O. and Defendant Tammy Nichole Bass, LPN, as well as in failing to implement proper policies and procedures for the care and treatment of its patients.

68.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant South Georgia Correctional Medicine, LLC for negligence, respondeat superior, and for all other theories of liability.

69.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, is entitled to recover from Defendant South Georgia Correctional Medicine, LLC for the wrongful death of his wife.

## VI. CLAIMS AGAINST SOUTH GEORGIA CORRECTIONAL MEDICINE, LLC UNDER 42 U.S.C. § 1983

70.

The allegations contained in paragraph 1 through 69 are incorporated herein.

71.

Between July 8, 2015 and July 11, 2015, South Georgia Correctional Medicine, LLC provided medical services within the Coffee County Jail.

72.

Between July 8, 2015 and July 11, 2015, South Georgia Correctional Medicine, LLC was responsible for the medical care and treatment of Brandi Nicole Griffin Jones, a pre-trial detainee.

73.

Between July 8, 2015 and July 11, 2015, South Georgia Correctional Medicine, LLC failed to develop and institute policies and procedures, as well as failed to trained its employee and/or agents, to ensure the adequate medical care of pre-trial detainees in the Coffee County Jail. Specifically, South Georgia Correctional Medicine, LLC:

    a.  Failed to develop and implement a medical screening procedure that comprehensively evaluated pre-trial detainees upon intake into the Coffee County Jail, resulting in Tammy

22

Nichole Bass, LPN failing to document Brandi Nicole Griffin Jones' prescription medication requirements in the July 8, 2015 "Medical Staff Screening Receiving Form";

b.  Failed to train Tammy Nichole Bass, LPN in performing an adequate medical screening of pre-trial detainees, resulting in the failure of Tammy Nichole Bass to document Brandi Nicole Griffin Jones' prescription medications on the July 8, 2015 "Medical Staff Screening Receiving Form";

c.  Failed to develop and implement a procedure requiring the request of medical records for pre-trial detainees with documented medical needs upon intake into the Coffee County Jail, resulting in the failure of the Coffee County Jail medical department to request and review Brandi Nicole Griffin's medical and pharmacy records;

d.  Failed to train the medical department in the Coffee County Jail on the administration of prescription medication to pre-trial detainees pursuant to a physician's orders, resulting in Brandi Nicole Griffin Jones not receiving Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, and Quetiapine Fumarate between July 8, 2015 and July 11, 2015; and

e.  Failed to develop and implement a procedure requiring the administration of prescription medication to pre-trial detainees pursuant to a physician's order, resulting in Brandi Nicole Griffin Jones not receiving Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, and Quetiapine Fumarate between July 8, 2015 and July 11, 2015.

74.

The foregoing acts and/or omissions by South Georgia Correctional Medicine, LLC proximately and foreseeably resulted in a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

75.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

76.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant South Georgia Correctional Medicine, LLC for violation of 42 USC §1983, and is entitled to recover from the Defendant for the wrongful death of his wife.

VII.     CLAIMS AGAINST DR. STEVE ANDERSON BEHAVIORAL MEDICINE, LLC

77.

The allegations contained in paragraph 1 through 76 are incorporated herein.

78.

As alleged herein, Defendant Dr. Steve Anderson Behavioral Medicine, LLC's (including its related entities and subsidiaries) employees and agents were negligent.

79.

Under the doctrine of respondeat superior, Defendant Dr. Steve Anderson Behavioral Medicine, LLC (including its related entities and subsidiaries) is responsible for the acts and omissions of its employee and agents.

80.

The Defendant Dr. Steve Anderson Behavioral Medicine, LLC was negligent in hiring and retaining Defendant Wallace Steve Anderson, D.O. and Defendant Tammy Nichole Bass, LPN, as well as in failing to implement proper policies and procedures for the care and treatment of its patients.

81.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Dr. Steve Anderson Behavioral Medicine, LLC under theories of negligence, respondeat superior, and for all other theories of liability.

82.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, is entitled to recover from Defendant Dr. Steve Anderson Behavioral Medicine, LLC for the wrongful death of his wife.

## VIII.   CLAIMS AGAINST DR. STEVE ANDERSON, P.C.

83.

The allegations contained in paragraph 1 through 82 are incorporated herein.

84.

As alleged herein, Defendant Dr. Steve Anderson P.C's (including its related entities and subsidiaries) employees and agents were negligent.

85.

Under the doctrine of respondeat superior, Defendant Dr. Steve Anderson P.C (including its related entities and subsidiaries) is responsible for the acts and omissions of its employee and agents.

86.

The Defendant Dr. Steve Anderson P.C was negligent in hiring and retaining Defendant Wallace Steve Anderson, D.O. and Defendant Tammy Nichole Bass, LPN, as well as in failing to implement proper policies and procedures for the care and treatment of its patients.

87.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Dr. Steve Anderson Behavioral Medicine, LLC under theories of negligence, respondeat superior, and for all other theories of liability.

88.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, is entitled to recover from Defendant Dr. Steve Anderson Behavioral Medicine, LLC for the wrongful death of his wife.

## IX.   CLAIMS AGAINST SHANTAVIA JACKSON, IN HER INDIVIDUAL CAPACITY

89.

The allegations contained in paragraph 1 through 88 are incorporated herein.

90.

At all times relevant to this Complaint, the Defendant Shantavia Jackson was a jailer at the Coffee County Jail.

91.

Between July 8, 2015 and July 11, 2015, Defendant Shantavia Jackson failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-38.

92.

The aforementioned acts and/or omissions of Defendant Shantavia Jackson constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

93.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

94.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Shantavia Jackson for violation of 42 USC §1983, and is entitled to recover from the Defendant Shantavia Jackson for the wrongful death of his wife.

X.    CLAIMS AGAINST LINDA HOLLAND, IN HER INDIVIDUAL CAPACITY

95.

The allegations contained in paragraph 1 through 94 are incorporated herein.

96.

At all times relevant to this Complaint, the Defendant Linda Holland was a jailer at the Coffee County Jail.

97.

Between July 8, 2015 and July 11, 2015, Defendant Linda Holland failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-38.

27

98.

The aforementioned act and/or omission of Defendant Linda Holland constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

99.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

100.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Linda Holland for violation of 42 USC §1983, and is entitled to recover from the Defendant Linda Holland for the wrongful death of his wife.

## XI.   CLAIMS AGAINST ASHLEY RICKETSON, IN HER INDIVIDUAL CAPACITY

101.

The allegations contained in paragraph 1 through 100 are incorporated herein.

102.

At all times relevant to this Complaint, the Defendant Ashley Ricketson was a jailer at the Coffee County Jail.

103.

Between July 8, 2015 and July 11, 2015, Defendant Ashley Ricketson failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 35-37.

28

104.

The aforementioned act and/or omission of Defendant Ashley Ricketson constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

105.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

106.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Ashley Ricketson for violation of 42 USC §1983, and is entitled to recover from the Defendant Ashley Ricketson for the wrongful death of his wife.

## XII.   CLAIMS AGAINST JOHN COURSON, IN HIS INDIVIDUAL CAPACITY

107.

The allegations contained in paragraph 1 through 106 are incorporated herein.

108.

At all times relevant to this Complaint, the Defendant John Courson was a jailer at the Coffee County Jail.

109.

Between July 8, 2015 and July 11, 2015, Defendant John Courson failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-38.

110.

The aforementioned act and/or omission of Defendant John Courson constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

111.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

112.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant John Courson for violation of 28 USC §1983, and is entitled to recover from the Defendant John Courson for the wrongful death of his wife.

## XIII.  CLAIMS AGAINST BRENT HATCHER, IN HIS INDIVIDUAL CAPACITY

113.

The allegations contained in paragraph 1 through 112 are incorporated herein.

114.

At all times relevant to this Complaint, the Defendant Brent Hatcher was a jailer at the Coffee County Jail.

115.

Between July 8, 2015 and July 11, 2015, Defendant Brent Hatcher failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition plead in ¶¶ 36-38.

116.

The aforementioned act and/or omission of Defendant Brent Hatcher constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

117.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

118.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Brent Hatcher for violation of 42 USC §1983, and is entitled to recover from the Defendant Brent Hatcher for the wrongful death of his wife.

## XIV.   CLAIMS AGAINST KALEB SMITH, IN HIS INDIVIDUAL CAPACITY

119.

The allegations contained in paragraph 1 through 118 are incorporated herein.

120.

At all times relevant to this Complaint, the Defendant Kaleb Smith was a jailer at the Coffee County Jail.

121.

Between July 8, 2015 and July 11, 2015, Defendant Kaleb Smith failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-38.

31

122.

The aforementioned act and/or omission of Defendant Kaleb Smith constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

123.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

124.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Kaleb Smith for violation of 42 USC §1983, and is entitled to recover from the Defendant Kaleb Smith for the wrongful death of his wife.

## XV.   CLAIMS AGAINST MIGUEL LOPEZ, IN HIS INDIVIDUAL CAPACITY

125.

The allegations contained in paragraph 1 through 124 are incorporated herein.

126.

At all times relevant to this Complaint, the Defendant Miguel Lopez was a jailer at the Coffee County Jail.

127.

Between July 8, 2015 and July 11, 2015, Defendant Miguel Lopez failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 35-37.

128.

The aforementioned act and/or omission of Defendant Miguel Lopez constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

129.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

130.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Miguel Lopez for violation of 42 USC § 1983, and is entitled to recover from the Defendant Miguel Lopez for the wrongful death of his wife.

## XVI.   CLAIMS AGAINST CHARLES LEWIS SMITH, III, IN HIS INDIVIDUAL CAPACITY

131.

The allegations contained in paragraph 1 through 130 are incorporated herein.

132.

At all times relevant to this Complaint, the Defendant Charles Lewis Smith, II was a jailer at the Coffee County Jail.

133.

Between July 8, 2015 and July 11, 2015, Defendant Charles Lewis Smith, II failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to perform a proper medical assessment upon booking, failing to administer necessary prescription medications, and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-38.

134.

The aforementioned act and/or omission of Defendant Charles Lewis Smith, II constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

135.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

136.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Charles Lewis Smith, II for violation of 42 USC §1983, and is entitled to recover from the Defendant Charles Lewis Smith, II for the wrongful death of his wife.

## XVII.  CLAIMS AGAINST KIM PHILLIPS, IN HER INDIVIDUAL CAPACITY

137.

The allegations contained in paragraph 1 through 136 are incorporated herein.

138.

At all times relevant to this Complaint, the Defendant Kim Phillips was a jailer at the Coffee County Jail.

139.

Between July 8, 2015 and July 11, 2015, Defendant Kim Phillips failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-38.

140.

The aforementioned act and/or omission of Defendant Kim Phillips constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

141.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

142.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Kim Phillips for violation of 42 USC §1983, and is entitled to recover from the Defendant Kim Phillips for the wrongful death of his wife.

## XVIII. CLAIMS AGAINST DOYLE WOOTEN, IN HIS INDIVIDUAL CAPACITY

143.

The allegations contained in paragraph 1 through 142 are incorporated herein.

144.

At all times relevant to this Complaint, the Defendant Doyle Wooten was the Sheriff in Coffee County, Georgia and at the Coffee County Jail.

145.

Between July 8, 2015 and July 11, 2015, Defendant Doyle Wooten failed to provide adequate medical care to Brandi Nicole Griffin Jones, including, but not limited to, failing to administer necessary prescription medications and failing to timely and appropriately respond to the serious medical condition pled in ¶¶ 36-37.

146.

The aforementioned act and/or omission of Defendant Doyle Wooten constituted a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

147.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

148.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Doyle Wooten for violation of 42 USC §1983, and is entitled to recover from the Defendant Doyle Wooten for the wrongful death of his wife.

## XIX.   CLAIMS AGAINST DOYLE WOOTEN, IN HIS SUPERVISORY CAPACITY

149.

The allegations contained in paragraph 1 through 148 are incorporated herein.

150.

At all times relevant to this Complaint, the Defendant Doyle Wooten was the Sheriff in Coffee County, Georgia and at the Coffee County Jail.

151.

Defendant Doyle Wooten was responsible for the training and implementation of policies and procedures regarding the administration of medication to inmates in jail, the investigation and treatment of withdrawal syndrome of inmates, and the medical treatment provided to inmates in the Coffee County Jail.

152.

Prior to July 8, 2015, Defendant Doyle Wooten was on notice of the need for proper training, as well as policies and procedures, regarding the investigation and treatment of inmates in the Coffee County Jail suffering from withdrawal syndrome. See Harper v. Lawrence County, 592 F.3D 1227, 1237 (11th Cir., 2010)

153.

Prior to July 8, 2015, Defendant Doyle Wooten failed to provide proper training in the investigation and treatment of inmates suffering withdrawal syndrome, and failed to implement policies and procedures regarding inmates suffering withdrawal syndrome.

154.

The aforementioned failures of the Defendant Doyle Wooten created a custom or policy of the Coffee County Jail that resulted in the delayed investigation and treatment of inmates suffering withdrawal syndrome.

155.

The aforementioned failures proximately and foreseeably resulted in the deliberate indifference to Brandi Nicole Griffin Jones' medical care between July 8, 2015 and July 11, 2015, violating the Eighth and Fourteenth Amendments of the United States Constitution.

156.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Doyle Wooten for violation of 42 USC §1983, and is entitled to recover from the Defendant Doyle Wooten for the wrongful death of his wife.

## XX.   CLAIMS AGAINST SOUTH COFFEE COUNTY SHERIFF'S OFFICE UNDER 42 U.S.C. § 1983

157.

The allegations contained in paragraph 1 through 156 are incorporated herein.

158.

Between July 8, 2015 and July 11, 2015, Defendant Coffee County Sheriff's Office operated the Coffee County Jail, and was responsible for the care of the pre-trial detainees held there. *See* O.C.G.A. § 42-4-4

159.

Between July 8, 2015 and July 11, 2015, Defendant Coffee County Sheriff's Office was responsible for the medical care and treatment of Brandi Nicole Griffin Jones, a pre-trial detainee. *See* O.C.G.A. §42-4-4

160.

Between July 8, 2015 and July 11, 2015, Defendant Coffee County Sheriff's Office failed to develop and institute policies and procedures, as well as failed to train its employee and/or agents, to ensure the adequate medical care of pre-trial detainees in the Coffee County Jail. Specifically, Defendant Coffee County Sheriff's Office:

f.  Failed to develop and implement a medical screening procedure that comprehensively evaluated pre-trial detainees upon intake into the Coffee County Jail, resulting in the failure to document Brandi Nicole Griffin Jones' prescription medication requirements upon booking on July 8, 2015;

g.  Failed to train the booking jailers in performing an adequate medical screening of pre-trial detainees, resulting in the failure to document Brandi Nicole Griffin Jones' prescription medication requirements during the July 8, 2015 intake;

h.  Failed to develop and implement a procedure requiring the request of medical records for pre-trial detainees with documented medical needs upon intake into the Coffee County

39

Jail, resulting in the failure of the Coffee County Jail medical department to request and review Brandi Nicole Griffin's medical and pharmacy records;

i.   Failed to train the medical department in the Coffee County Jail on the administration of prescription medications to pre-trial detainees pursuant to a physician's orders, resulting in Brandi Nicole Griffin Jones not receiving Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, and Quetiapine Fumarate between July 8, 2015 and July 11, 2015;

j.   Failed to develop and implement a procedure requiring the administration of prescription medications to pre-trial detainees pursuant to a physician's order, resulting in Brandi Nicole Griffin Jones not receiving Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, and Quetiapine Fumarate between July 8, 2015 and July 11, 2015; and

k.   Failing to train the jailers in the Coffee County Jail on how to detect and treat pre-trial detainee suffering from withdrawal syndrome, resulting in Brandi Nicole Griffin Jones' misdiagnoses of, and inadequate medical treatment for, withdrawal syndrome between July 8, 2015 and July 11, 2015. *See* Exhibit A, incorporated herein by reference

161.

The foregoing acts and/or omissions by Defendant Coffee County Sheriff's Office proximately and foreseeably resulted in a deliberate indifference to the medical needs of Brandi Nicole Griffin Jones and a deprivation of her due process rights, in violation the Eighth and Fourteenth Amendments of the United States Constitution.

162.

The foregoing constitutional violations proximately and foreseeably caused the untimely death of Brandi Nicole Griffin Jones.

163.

The Plaintiff, as the surviving spouse of Brandi Nicole Griffin Jones, has a cause of action against the Defendant Coffee County Sheriff's Office for violation of 42 USC §1983, and is entitled to recover from the Defendant for the wrongful death of his wife.

WHEREFORE, Plaintiff prays as follows:

a)      That he recover for the value of his Brandi Nicole Griffin Jones' life;

c)      Plaintiff demand judgment in excess of $10,000.00

d)      That the costs of this action be taxed against Defendants;

e)      That Plaintiff has a trial by fair and impartial jurors; and

f)      That Plaintiff has such other and further relief as the Court and jury deem appropriate under the circumstances.

This ___ day of _____, 2017.

Michael Hill
Georgia Bar No. 768274

George L. Phillips, Jr.
Georgia Bar No: 230301

Dozier Law Firm, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441

**ATTORNEYS FOR PLAINTIFF**

## PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING

1. Wallace Steve Anderson, D.O.
   1311 Ocilla Road
   Douglas, GA 31533

2. South Georgia Correctional Medicine, LLC
   c/o Steve Anderson
   1311 Ocilla Road
   Douglas, GA 31533

3. Dr. Steve Anderson Behavioral Medicine, LLC
   c/o Steve Anderson
   1311 Ocilla Road
   Douglas, GA 31533

4. Dr. Steve Anderson, P.C.
   c/o Steve Anderson
   1311 Ocilla Road
   Douglas, GA 31533

5. Tammy Nicole Bass, LPN
   560 Pine Thicket Road
   Douglas, GA 31533

6. Shantavia Jackson
   1314 Pearl Avenue S
   Douglas, GA 31533

7. Linda Holland
   1673 Vickers Smith Road
   Ambrose, GA 31512

8. Ashley Ricketson
   1182 Ivy Road
   Douglas, GA 31533

9. John Courson
   217 Riverwood Drive
   Douglas, GA 31535

10. Brent Hatcher
    1900 Raccoon Bridge Road
    Douglas, GA 31535

11. Kaleb Smith
    300 Sleepy Hollow Road, Lot 30
    Douglas, GA 31535

12. Miguel Lopez
    131 Peach Court
    Douglas, GA 31533

13. Charles Lewis Smith, II
    5818 George Deen Road
    Broxton, GA 31519

14. Kim Phillips
    516 Westwood Heights Circle
    Douglas, GA 31535

15. Doyle Wooten
    825 Thompson Drive
    Douglas, GA 31535

16. Coffee County Sheriff's Office
    c/o Doyle Wooten
    825 Thompson Drive
    Douglas, GA 31535

# EXHIBIT A

## AFFIDAVIT OF HARVEY JONES, M.D.

State of Georgia
Bibb County

### INTRODUCTION:

My name is Harvey Jones, M.D. I am over the age of 18 years and I suffer from no disability which would render me incompetent to make this affidavit, which is based upon my review of the medical records of Brandi Nicole Griffin Jones from Wallace Steve Anderson, D.O. in Douglas, Georgia, records from the Coffee County Sheriff's Department, records from South Georgia Correctional, LLC in Douglas, Georgia, medication records from Behavioral Health Family Practice in Douglas, Georgia, medication records from KMART Pharmacy in Douglas, Georgia, and the GBI autopsy report dated October 12, 2015. Based on my education, training and experience, I am familiar with the standard of care ordinarily exercised by members of the medical profession generally under similar conditions and like surrounding circumstances which are described herein, and are reflected in Brandi Nicole Griffin Jones' records.

### BACKGROUND, TRAINING, EXPERIENCE AND QUALIFICATIONS:

**Licensure and Education:**

I am a medical doctor licensed to practice medicine in the State of Georgia. I was licensed to practice medicine in the State of Georgia at the time of the events discussed herein, and I remain continuously so licensed at the present time. At the time of the events discussed herein, I was actively practicing medicine in the State of Georgia.

1

## Actual Practice Experience with the Conditions and Acts of this Case

In July 2015 I had, and today have actual professional knowledge, skill, training, education, and experience in the area of practice and specialty involved in this matter. Since at least 1984, and including the 5 years preceding July 2015, I have been regularly engaged in the active practice of internal and family medicine, including in office settings like the ones where Brandi Nicole Griffin Jones was evaluated and treated by Wallace Steve Anderson, D.O. and Tammy Nichole Bass, LPN, with sufficient frequency to establish an appropriate level of knowledge with regard to the appropriate care and management of patients, including the management and care of Brandi Nicole Griffin Jones by Wallace Steve Anderson, D.O., Tammy Nichole Bass, LPN, and their respective employers, including South Georgia Correctional, LLC. The actual professional knowledge that I have gained by the active practice of internal and family medicine enables me to express an opinion as to whether Wallace Steve Anderson, D.O., Tammy Nichole Bass, LPN and other personnel met the applicable standard of care during the Brandi Nicole Griffin Jones' incarceration in July of 2015. Specifically, for each of the five years preceding July, 2015 and extending to the current date, I have evaluated, examined, treated, and supervised the treatment and care of patients similar to Brandi Nicole Griffin Jones.

## RECORDS REVIEW

In reviewing the records identified above, I noted the following information contained in these records:

- o  From March 2015 through July 2015, Brandi Nicole Griffin Jones was prescribed Alprazolam (Xanax), Buprenorphine (Subutex), Escitalopram Oxalate, Gabapentin, and Quetiapine Furnarate by Dr. Mubbashir Muzza Khan of Behavioral Health Family Practice in Douglas, Georgia.

2

○ At 1845 hours on July 8, 2015, Brandi Nicole Griffin Jones was booked into the Coffee County Jail.

○ At 2250 hours on July 8, 2015, Brandi Nicole Griffin Jones, age 29, was seen by Tammie Bass, LPN, for a medical screening in the Coffee County Jail. The results of this screening were documented in the "Medical Staff Receiving Screening Form".

○ A past medical history obtained by Tammie Bass, LPN, noted that Brandi Nicole Griffin Jones was treating with Dr. Kahn for a bipolar condition, Borderline Personality Disorder, and Manic Depression.

○ Tammie Bass, LPN also noted that Brandi Nicole Griffin Jones was currently prescribed medication by a physician. However, there was no notation as to what medication was prescribed and by whom.

○ Tammie Bass, LPN, noted that Brandi Nicole Griffin Jones used the "drug" Subutex. However, there was no notation as to dosage amounts and frequency.

○ At the time of this screening, Brandi Nicole Griffin Jones signed a Patient's Consent for Treatment form authorizing South Georgia Correctional to obtain medical records. However, there is no record of medical or pharmacy records being requested.

○ On July 11, 2015, Brandi Nicole Griffin Jones went into a seizure-type activity in her cell and lost consciousness.

○ On July 15, 2015, Brandi Nicole Griffin Jones was pronounced dead in the Coffee Regional Medical Center.

○ On July 17, 2015, an autopsy was performed on Brandi Nicole Griffin Jones by Maryanne Gaffney-Kraft at the Georgia Bureau of Investigation (GBI). During the autopsy the following was noted:

  ○ A drug screen analysis of the blood from the hospital was negative for barbiturates, benzodiazepines, cocaine, and common opiates. A drug confirmation analysis of the blood from the hospital was negative for certain basic drugs (methadone and zolpidem) and certain amphetamines.

○ The autopsy report indicates that Brandi Nicole Griffin Jones' cause of death was "most likely due to drug withdraw syndrome with seizure resulting from the decedent's sudden stoppage of Xanax and Subutex."

3

## OPINIONS

It is my professional opinion, within a reasonable degree of medical certainty and probability, based on the facts set forth herein and the records reviewed, that Wallace Steve Anderson, D.O. and Tammy Nichole Bass, LPN, failed to adhere to the standard of care generally employed in the medical profession generally, and under the same conditions and like surrounding circumstances in their care of Brandi Griffin Jones. Although the records leave some questions unanswered and I reserve the right to supplement my conclusions upon the receipt of additional information, it is clear that Wallace Steve Anderson, D.O. and Tammy Nichole Bass, LPN breached the standard of care in at least the following ways:

1. Tammy Nichole Bass, LPN failed to obtain an adequate medical history, including current prescription medications and dosages, from Brandi Nicole Griffin Jones, as required by the standard of care.

2. Wallace Steve Anderson, D.O., failed to obtain an adequate medical history, including current prescription medications and dosages, from Brandi Nicole Griffin Jones, as required by the standard of care.

3. Tammy Nicole Bass, LPN, failed to review or order the medical records, including the pharmacy records, of Brandi Nicole Griffin Jones, as required by the standard of care.

4. Wallace Steve Anderson, D.O., failed to review or order the medical records, including the pharmacy records, of Brandi Nicole Griffin Jones, as required by the standard of care.

4

Jones. Nor is it the purpose of this affidavit necessarily to set forth all of the consequences of the care and treatment, or the lack of care or treatment received by Brandi Nicole Griffin Jones. However, it is only the intention of this affidavit to set forth at least one instance of the failure to exercise the appropriate standard of care by Tammy Nichole Bass, LPN, Wallace Steve Anderson, D.O, and their respective employers, including South Georgia Correctional, LLC.

This affidavit is given solely in connection with the requirements of O.C.G.A. § 9-11-9.1. My affidavit is the product of reliable principles and methods of medicine, and I have applied these applicable principles and methods reliably to the information available to me about this matter.


FURTHER AFFIANT SAYETH NOT

Harvey Jones, M.D.


Sworn to and subscribed before me
This 11 day of May , 20 17 .


Notary Public
My Commission Expires: March 16, 2018

6

# EXHIBIT B

## Kaleb Smith
Active now

  



what we was told had a seizure and aspirated

That's just so hard to except she had never had a seziure

I'm not doubting you

Even the autopsy was undetermined cause of death

What I was told is she was prescribed Xanax or something like that is that true



Yes

They wasn't giving her her prescription and nothing to detox with





  

# Kaleb Smith

Kaleb Smith accepted your request.

Me and my Sgt were the one who performed cpr on her when done bunkroster at 1230 at 12:45 they hit the cell alarm there was 3 of us in there but one of the guys had not been cpr certified when the ambulance arrived they drug ass getting back there to us I have a report that I was told to write and what actually happened bc he wanted us to say she was alive when she left that's the whole reason I left the sheriff dept me and my Sgt both I've talked to cojack a few times I worked with him for yrs but I told him anything they needed for court I could get

 

WALB

## Kaleb Smith

  



us to say she was alive when she left that's the whole reason I left the sheriff dept me and my Sgt both I've talked to cojack a few times I worked with him for yrs but I told him anything they needed for court I could get

We had not been trained for that except the 2 weeks we have to go to Forsyth but even then the for class is only 2 hrs long



And I think it was wrong that the family was not immediately notified I will never work under neither one again Kim nor Doyle

If that's true why would you be backing him



except the 2 weeks we have to go to Forsyth but even then the for class is only 2 hrs long

And I think it was wrong that the family was not immediately notified I will never work under neither one again Kim nor Doyle



If that's true why would you be backing him

I even brought it to Doyle's attention and he denied it and I'm not I'm voting Rex Harper and i told red to fire the hell outta Kim Phillips I hope and pray Rex Harper wins

I've known Rex for a long time he is what the sheriff dept needs Doyle can't run a jail must less a county



